IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Scott N. Johnson, | ) | |
| | ) | 2:10-cv-02338-GEB-EFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: SETTLEMENT AND |
| | ) | DISPOSITION AND SETTING ASIDE |
| BRE-FMCA, LLC, a Delaware limited liability company, | ) ) | DEFAULT |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a "Request to Set Aside Default [and] Notice of Settlement" on January 31, 2011, in which he states:

> IT IS HEREBY REQUESTED by Plaintiff, Scott N. Johnson, that the Entry of Default against Defendant[], BRE-FMCA, LLC, be hereby set aside. This request is based upon the following facts constituting good cause: Defendant, BRE-FMCA, LLC, has retained Counsel and the Parties are settling this action. Dispositional documents will be filed within twenty (20) days.

(ECF No. 13, 1:22-26.)

Plaintiff's request that the Clerk's Entry of Default as to Defendant BRE-FMCA, LLC (ECF No. 11) be set aside is granted.

Further, a dispositional document shall be filed no later than February 22, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file

1

dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The Status Conference scheduled for June 27, 2011 shall remain on calendar, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  Further, a joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  February 1, 2011

```
                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge
```

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).